UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA            :

        v.                                           :    CR. NO. 12-126-01 (JDB)

ANTHONY JAMES                                :

DEFENDANT'S MOTION TO VACATE THE DETENTION ORDER
AND ORDER CONDITIONS OF RELEASE

      The defendant, through undersigned counsel, pursuant to the Federal Rules of Criminal Procedure, and 18 U.S.C. §3145, respectfully requests that this honorable court review the order of detention imposed by the Honorable Alan I. Kay, , U.S. Magistrate Judge, on May 17, 2012.[1] In support of his request, the defendant states the following:

      1. The defendant stands indicted in a single count indictment charging him with possession with the intent to distribute in excess of 28 grams of cocaine base.  The prosecution resulted from the seizure of approximately 43 grams of crack from James' residence at 1100 21st Place N.E.

      2. The indictment stemmed from a the execution of a search warrant on the defendant's apartment on the morning of May 7, 2012.  Purportedly, someone in the apartment had made a sale of crack cocaine to a government informant in the days preceding the execution of the warrant.  The defendant was not described in the affidavit as the person who actually sold the drugs.  No firearm of significant amount of money was discovered during the search. Nor was there any mention of "tally sheets" or records that are so often connected with large scale drug

---

[1] A memorandum containing the court's reasoning for the finding of detention was issued on May 23, 2012.

trafficking.

3. Following the detention hearing, the court concluded that no condition or combination of conditions could reasonably assure the community's safety. Mr. James was consequently held without bond. To counsel's knowledge, this is the first challenge of the detention order.

4. The defendant believes that suitable release conditions can be fashione<u>d</u> and respectfully requests that this court order his release on electronic monitoring or into a halfway house[2]. It is suggested that Mr. James only be allowed out of the halfway house, or his own residence, for legal visits, medical appointments, and to go to work.

5. While the defendant has a prior criminal record, that factor alone should not preclude his release under the most strict conditions. As a longtime resident of the District of Columbia, he lives with his wife and son. Counsel is unaware of any indication of past failures to appear. Consequently, there would appear to be no issue regarding Mr. James' appearance at future court hearings. Counsel believes that any concerns regarding dangerousness -the basis for the defendant's detention- can be resolved through the restrictive conditions that have been suggested.

6. In urging release, the defendant would note that his prosecution in federal court was the likely product of the government's suspicion that he was involved in a homicide that occurred some 18 months ago. To counsel's knowledge, a case involving this quantity of drugs is seldom brought in federal case unless there are additional factors. Mr. James has consistently denied any involvement in the homicide. Indeed, the government arrested and prosecuted another individual

---

[2]With respect to halfway house placement, it appears that the D.C. Department of Corrections has reached an agreement with the federal courts that pre-trial people, formerly precluded from halfway house placement, are now eligible for such residence.

for the offense. The case against that individual has recently been dismissed, and there has been little that indicates that the defendant will be prosecuted. Indeed, the arrest of another poses significant practical hurdles to further prosecution of the matter.

6. When the detention provisions of the Bail Act were drafted, it may well not have been recognized that cases would pend for a substantial length of time. Given the requirements of the Speedy Trial Act, it would appear that detention was expected to be of relatively short duration. Clearly, this is not the way things typically work out and it is a factor that the court should take into account in the bail equation.

7. While the Bail Reform Act contains a statutory presumption of detention, it is inconceivable that Congress intended that all those individuals who are accused of "small-time" narcotics trafficking should be detained. Nor is a defendant, to gain release, required to refute all of the government's allegations. Mr. James respectfully submits that the presumption of dangerousness can be rebutted by clear and convincing evidence and that release under the suggested conditions would satisfy conditions of community safety.

WHEREFORE, for the foregoing reasons, the defendant respectfully requests that the court grant his motion and that he be released under the conditions suggested in this motion.

                              Respectfully submitted,

                              _____/s/_____
                              Edward C. Sussman, No. 174623
                              Counsel for Defendant James
                              Suite 900 - South Building
                              601 Pennsylvania Avenue N.W.
                              Washington, D.C.. 20004
                              (202) 737-7110

<u>CERTIFICATE OF SERVICE</u>

      I HEREBY CERTIFY THAT a copy of the foregoing was served electronically on all interested parties this 25th day of September, 2012.

                                                    _____/s/_____
                                                          Edward C. Sussman